## ESTATE OF J. W. STOW.

### No. 5974—November, 1875.

GROUNDS FOR REVOCATION OF LETTERS.—WHAT IS MALADMINISTRATION.

It is no ground for revocation of letters that executors have not filed accounts. The law is merely directory upon the subject; and there may be good reasons why the executor should withhold his accounts for a time.

It is no ground for revocation, that debts appraised as valueless are uncollected. It is not the duty of an executor to pursue an insolvent endorser at the expense of the estate—especially, if the endorser is a corporation not apparently organized for the purpose of guarantee on notes. Such failure to litigate a doubtful claim is not ground for revocation of letters.

Executors have no right to pay assessments upon stock shares unless they are willing to assume the risk of the shares being worth the assessment. Creditors or heirs may support the executor in so doing; but if he has not such guaranty, his course should be to sell the stock, if it can be sold, as perishable.

These are all matters to be heard on settlement of his accounts. An executor may err in judgment. That in itself is no ground for holding him liable.

Construing sections, C. C. P., 1522, 1628.

*Hamilton* and *Heath,* for widow.

*Edw. J. Pringle* and *S. M. Wilson,* for executors.

This is an application for revocation of the letters, for alleged maladministration and failing to file accounts at the time required by law.

By the COURT: I find no grounds for removing the executors. It is true they did not make a final report at the time required by law, but when called upon by applicant they reported to her the condition of the estate as far as they could. Debts are uncollected, which were appraised as valueless; and it does not now appear that they could have been collected. The executors had the fag-ends of disastrous business adventures from which to weave together affairs in order to pay the creditors and save something for the heirs; but the estate is largely insolvent. One point was made, that a note had been endorsed by a corporation, and that the executors should have pursued that corporation—an insolvent —and because they did not do so they should be removed. There is no proof that the corporation was organized to indorse notes. Deceased left shares of stock in incorporated companies, which have been assessed, and have been sold to pay the assessments, no excess being realized.

By the neglect of the executors to pay the assessments they were not guilty of maladministration. If an executor pays an assessment he takes the risk that the stock will reimburse the estate for the payment. He cannot deplete an estate in paying assessments; as the old adage is, he must not send good money after bad. It was urged that executors have no right to make such payments without an order of the Court. The Court has no power to make such an order. If application were made for an order to pay an assessment, it would be refused; there is no law for granting it. If an executor lets stock be sold for an assessment he takes the risk that it is then worth more than the assessment; if he pays the assessment he takes the risk of being reimbursed by a subsequent sale. I am aware that this would place an executor in an unpleasant position; perhaps the wisest course would be to place the stock in the market and sell it as perishable. If creditors and heirs see fit to take the risks of the rise and fall of stocks, they may do so; but executors

are not obliged to do it.   An executor should be removed on some ground of delinquency; not on the ground of error of judgment merely.   I am not aware that these executors have committed an error of judgment; if they have, to an extent to hold them responsible, this is not the time to charge them; but when their accounts come on for settlement the accounts can be surcharged if a proper case be made.

Application denied.